IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| SHEILA M. GIBBONS, | ) Civil Action No. 3:09-2243-CMC -JRM |
| Plaintiff, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| CARLISLE TIRE AND WHEELS, INC., | ) |
| Defendant. | ) |

The Plaintiff has filed this action and is currently proceeding, *pro se*, seeking relief pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et. seq. On January 20, 2010, Plaintiff's attorney filed a motion to withdraw as counsel. At a hearing held February 2, 2010, in which Plaintiff was present with her attorney, Arthur K. Aiken, Esquire, the motion was granted due to the Plaintiff's lack of cooperation with her attorney in the discovery process. Plaintiff expressed her intention to retain another attorney, and the undersigned explained that the case would move forward and what her responsibilities would be as a *pro se* litigant.

Defendant's outstanding motion to compel discovery was also granted at the hearing of February 2, 2010. In an order issued February 5, 2010, Plaintiff was directed to fully and completely respond to Defendant's interrogatories and document production requests, including the execution of medical releases for providers identified on or before March 5, 2010, in compliance with Rule 33 and 34 of the Fed.R.Civ.P. *See* Order issued February 5, 2010 (Document No. 21). Plaintiff again was advised that if she failed to comply with that order, her case could be dismissed pursuant to Rules 37 and/or 41, Fed.R.Civ.P.[1]

---

[1] The undersigned also explained to Plaintiff that should she fail to appear for her properly noticed deposition, her case could be dismissed.

The Defendant filed a motion to dismiss on April 5, 2010, pursuant to Federal Rules of Civil Procedure 37(b)(2)(A) and 41(b) stating that no discovery responses had been received from the Plaintiff and that Plaintiff has failed to comply with the Court's order of February 5, 2010. Plaintiff has also failed to respond to correspondence from the Defendant. *See* Motion to Dismiss filed April 5, 2010 (Court Document No. 23). As the Plaintiff is proceeding *pro se*, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was entered by the Court on April 7, 2010, advising Plaintiff of the importance of a motion to dismiss and of the need for her to file an adequate response. Plaintiff was specifically advised that if she failed to respond adequately, the Defendant's motion may be granted, thereby ending her case.

However, notwithstanding the specific warning and instructions as set forth in the Court's Roseboro order, and also having been given explicit direction from the undersigned about her responsibility to participate in discovery, Plaintiff has failed to respond to the motion or to comply with orders of this Court. Plaintiff has been specifically warned that if she failed to respond, this action would be recommended for dismissal with prejudice for failure to prosecute. Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978), Rule 41(b) Fed.R.Civ.P. Therefore, Plaintiff meets all of the criteria for dismissal under Chandler Leasing Corp.v. Lopez, 669 F.2d 919 (4th Cir. 1982).[2] Accordingly, it is recommended that this action be dismissed with prejudice for lack of prosecution. See Davis, 558 F.2d at 70; Rule 41(b), Fed.R.Civ.P.; Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989), cert. denied sub nom, Ballard v. Volunteers of America, 493 U.S. 1084 (1990) (Magistrate Judge's prior explicit warning that a recommendation of dismissal would result from plaintiff failing to obey his order was proper grounds for the district court to dismiss suit when plaintiff did not

---

[2]She is personally responsible for proceeding in a dilatory fashion, the Defendant is suffering prejudice by continuing to incur legal expenses, and no sanctions appear to exist other than dismissal given the previous warnings and extensions provided. Lopez, 669 F.2d at 920.

comply despite warning).


_____
Joseph R. McCrorey
United States Magistrate Judge

Columbia, South Carolina

May 12 , 2010

**The parties are referred to the Notice Page attached hereto**.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>Larry W. Propes, Clerk
>United States District Court
>901 Richland Street
>Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).